SKINNER et ux. v. D. SULLIVAN & CO.

(Court of Civil Appeals of Texas. Jan. 18, 1911. Rehearing Denied Feb. 22, 1911.)

1. EXECUTION (§ 269*)—SALE OF LAND—INTEREST ACQUIRED BY PURCHASER.

While indebted to plaintiff, defendant S. called A.'s attention to certain lots which they purchased together, A. paying the price, plaintiff later reimbursing him to the extent of $1,000 belonging to his wife's separate estate, he having taken it and so applied it without her knowledge. Title was made to A. with the understanding that S. was to have a half interest, and afterwards A. sold three of the lots and reimbursed himself for the amount he advanced, leaving three lots remaining undisposed of. Plaintiff levied on S.'s interest, which was thereupon claimed by his wife. Held, that the wife was entitled to a proportionate interest in the property corresponding to her contribution to the purchase price, and that the balance representing the interest of S. passed to plaintiff as purchaser under the execution.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 768; Dec. Dig. § 269.*]

2. EXECUTION (§ 163*)—MOTION TO QUASH—DENIAL.

Where, pending an action to subject a debtor's alleged interest in certain real estate to plaintiffs' judgment, plaintiffs levied on such interest and were about to sell the same, the court did not err in refusing to quash the execution on motion; the same questions being presented by the motion as were involved in the action.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 163.*]

3. APPEAL AND ERROR (§ 931*)—CASE TRIED BY COURT—IMPROPER TESTIMONY—PRESUMPTION.

Where a case is tried by the court without a jury, it will be presumed that improper testi-

mony admitted over objections was not considered as a basis of the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3766; Dec. Dig. § 931.*]

Error from District Court, Bexar County; J. L. Camp, Judge.

Action by D. Sullivan & Co. against H. O. Skinner and wife. Judgment for plaintiffs for part of the relief demanded. Defendants bring error, and plaintiffs file cross-assignments of error. Affirmed.

W. W. King, for plaintiffs in error. Clark & Bliss, for defendants in error.

NEILL, J. D. Sullivan & Co., a firm composed of D. & W. C. Sullivan, brought this suit on May 14, 1909, against H. O. Skinner, Ida V. Skinner, his wife, and Martin J. Arnold, alleging in their original petition, in substance: That on October 2, 1900, they recovered a judgment against H. O. Skinner and his wife, Ida V., for the sum of $1,228.-13, with interest from its date at the rate of 10 per cent. per annum, with a foreclosure of a lien on certain lands to secure its payment, and directing that, if after the sale of the land the proceeds were not enough to discharge the judgment, plaintiffs have execution against H. O. Skinner for the balance; that after said land was sold as directed, and the proceeds applied towards the payment of the judgment, there remained unpaid on the same the sum of $1,166.65 on December 4, 1900, the date of the application thereto of proceeds of said sale; and that thereafter executions were issued on the judgment for such balance against H. O. Skinner, but without avail. That on January 26, 1901, plaintiffs caused an abstract of said judgment to be filed and recorded in the office of the county clerk of Bexar county, duly indexed, and in every respect complying with the law to fix a lien on any land then owned or thereafter acquired by the defendant H. O. Skinner. That on February 9, 1909, the last-named defendant and Martin J. Arnold each owned an undivided one-half interest in lots Nos. 1, 2, 3, 8, 9, and 10 of block 5, New City block 1902, in the city of San Antonio, Bexar county, Tex., but the legal title thereto was in Arnold, the deed to said property being made to him. That the fact that Skinner owned any interest in said lots was unknown to plaintiffs until on May 13, 1900, when Martin J. Arnold and H. O. Skinner sold B. J. Cumesky Nos. 8, 9, and 10 of the same, but that the title to the other three remained in Arnold and Skinner, in which the latter owns an undivided half interest. That plaintiffs caused an execution to be issued on said judgment and the same to be levied on all the right, title, and interest that H. O. Skinner has or had in and to said three lots on January 26, 1901, or at any time thereafter up to and including May 14, 1909,

at 10 o'clock a. m. Wherefore they allege they have acquired a lien to all the right, title, and interest of said Skinner in said lots Nos. 1, 2, and 3, in block 5, New City block 1902, in the city of San Antonio, Bexar county, Tex. That Ida V. Skinner is setting up some sort of claim to the alleged interest of her husband in said lots in which plaintiffs have a lien by reason of the facts before alleged claiming that the lots are her separate property, thereby preventing plaintiffs from realizing on their judgment and the interest levied on from bringing enough to satisfy the same.

The petition closes with a prayer that upon final hearing plaintiffs have judgment that said one-half interest in said lots is subject to their judgment aforementioned, that such interest be sold to satisfy the same, and that the claim of Ida V. Skinner to said undivided half interest be decreed invalid and removed as a cloud upon the title for their costs, etc. The defendant H. O. Skinner answered the petition by a general demurrer and denial. His wife, Ida V., filed a separate answer which contains also a general demurrer and general denial, and a special denial that her husband, H. O. Skinner, owns any interest in the property in controversy, or that any interest therein ever belonged to their community estate. She further alleges in her answer that said property is and was at the date of its purchase owned, one-half by her codefendant Martin J. Arnold, and the other one-half by her as her separate property, the same having been purchased and paid for with money of her separate estate, and the title taken in the name of Arnold for convenience of transfer, and to save expense of notary fees in taking acknowledgments.

Afterwards, on June 17, 1909, the defendant Ida V. Skinner filed a motion in the case against the plaintiffs to restrain the sale of the property under the execution theretofore levied upon the same. She alleged in the motion substantially: That since the institution of the suit plaintiffs have caused B. D. Lindsey, sheriff of Bexar county, to advertise the property in controversy to be sold as under execution as the property of H. O. Skinner before the courthouse door of Bexar county on the first Tuesday in July, 1909, it being the 6th day of said month; that the suit was brought by plaintiffs, first, to have the title to the property in controversy adjudged to be in H. O. Skinner and subjected to their execution against him, and, second, to foreclose their alleged judgment lien, and that, by reason of the institution of such suit, plaintiffs elected to pursue such remedy and abandoned their right to have the property sold under execution. This motion was heard and overruled on June 19, 1909. On August 2, 1909, the defendant M. J. Arnold answered by averring

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

his ownership of an undivided one-half interest in the property in controversy, and that neither plaintiffs nor his codefendants have any interest in such undivided interest claimed by him, and that he makes no claim against plaintiffs, nor his codefendants, as to the other undivided half interest in the same. On November 9, 1909, plaintiffs filed their first amended original petition, which, after reiterating the allegations in the original one, alleges that under and by virtue of the execution issued on May 14, 1909, upon their judgment and levied by the sheriff of Bexar county on all the interest of H. O. Skinner in the property in controversy, the same was on July 12, 1909, sold by said sheriff at public outcry at the door of the courthouse of Bexar county, Tex., to the highest bidder for cash, after giving due notice of such sale as required by law, and bought in by D. Sullivan, one of plaintiffs, for them both, he being the highest bidder therefor at said sale, whereupon the said sheriff duly executed plaintiffs a deed conveying to them said property, that plaintiffs are the owners of an undivided one-half interest in and to the lots so levied upon, sold, and conveyed by virtue of such levy· sale and deed, but if plaintiffs are mistaken as to the effect of said sale and conveyance, and have not acquired title to said half interest in said lots by virtue thereof, then they have a lien on an undivided one-half interest therein. The petition closes with a prayer that plaintiffs have and recover of defendants the title and possession of an undivided one-half interest in said lots so levied upon, sold, and conveyed to them; and in the alternative for a judgment against defendants foreclosing their lien on an undivided one-half interest in said property, ordering it sold to satisfy the balance due on said judgment, and decreeing the cancellation of defendant's claim thereto as a cloud upon plaintiffs' title to such undivided interest, for costs, and general relief.

By a trial amendment Ida V. Skinner alleged that since the institution of the suit plaintiffs caused the property in controversy to be sold under execution as the property of her husband; and that the sheriff, by virtue of such sale, made and delivered them a deed thereto, which she prayed be canceled as a cloud upon her title. The case was tried without a jury, and the court upon hearing the evidence ordered, adjudged, and decreed that plaintiffs have and recover of defendants H. O. Skinner and Ida V. Skinner and Martin J. Arnold title and possession of an undivided half interest in the three lots involved in the suit, subject to a charge, however, of $1,000, without interest in favor of the defendant Ida V. Skinner; the court finding as a matter of fact, and holding as a matter of law, that there is due her such sum in her separate right, and that she has a lien upon such undivided half interest adjudged plaintiffs in the three lots,

and that upon their paying her such sum plaintiffs' title to said undivided interest shall become absolute. It was further adjudged that the defendant Martin J. Arnold is the owner in fee simple of the other undivided half interest subject to no charge whatever. The plaintiffs excepted to said judgment in so far as the same establishes the charge in favor of Ida V. Skinner of $1,000 against the part of the land recovered by them, and gave notice of appeal. The defendants H. O. and Ida V. Skinner also excepted to the judgment in so far as the same awards to plaintiffs a recovery of title and possession of one-half of said lots and gave notice of appeal. The writ of error was sued out by the last-named defendants. Both plaintiffs and defendants in error have assigned errors.

In considering the questions raised by the assignments the defendants in error, D. Sullivan & Co., will for convenience hereafter be called plaintiffs, and the plaintiffs in error, H. O. and Ida V. Skinner, will be termed defendants. As many of the matters presented involve questions of law and facts, our conclusions of fact and law will not appear separately in what we shall have to say in disposing of them, though the opinion will be so written that the facts found will readily be distinguished by the legal mind from the law pertaining to them.

We at once overrule the defendants' first and second assignments of error, which assert that it appears from the undisputed evidence that the property in controversy was partly paid for with the separate means of the defendant Ida V. Skinner and the balance paid for from profits derived from the sale of her separate estate; and, that such facts so appearing, the· court erred in rendering judgment in favor of the plaintiffs, who were execution purchasers from her husband for any interest in the property. If it so appeared as asserted in the assignments, there would be no doubt about their being well taken. But a careful consideration of all the testimony, in the light of the law pertaining thereto, has failed to lead us to such a conclusion of fact as they declare. The testimony induces us to these conclusions: H. O. Skinner having found six lots—Nos. 1, 2, 3, 8, 9, and 10, block 5, New City block 1902, in the city of San Antonio, called M. J. Arnold's attention thereto, and they together bought all of them on speculation, M. J. Arnold paying the entire purchase price of $5,-500, Skinner reimbursing him in the sum of $1,000, and the deed was made to Arnold with the understanding that said Skinner was to have a half interest in them. Afterwards Arnold sold three of the lots—Nos. 8, 9, and 10—for $4,500, and reimbursed himself for the amount he had advanced, leaving the three lots in controversy undisposed of.

If Skinner owned any interest in these lots, it appears from the undisputed evidence that the plaintiffs acquired such interest under

execution as alleged in their pleadings. The evidence shows that at the time the purchase was made and the purchase price paid for the six lots Mrs. Skinner knew nothing about the transaction, nor had she been informed of its contemplation, either by Arnold or her husband. Therefore, when the lots were bought and deed made therefor, the legal title was in M. J. Arnold to all the six lots. But, they having been purchased by him and H. O. Skinner in accordance with their agreement, the latter became the equitable owner of an undivided one-half interest in them subject to the payment of half of the purchase money advanced by the former. Before the three lots were sold by Arnold, H. O. Skinner had paid Arnold $1,000 of the purchase money. This, together with the sum of money received from their sale, and appropriated by Arnold in reimbursement of the amount advanced by him for H. O. Skinner for all of the lots, left the three lots in controversy free from any charge against them in Arnold's favor. If the $1,000 paid by H. O. Skinner was his own, he then was the equitable owner of an undivided one-half interest in them. But we conclude from the evidence that it appears. to a reasonable certainty that the $1,-000 paid by Skinner was not community property nor his own, but was of his wife's separate estate; her husband having taken it and used it toward paying for his half interest in the six lots.

By the sixth assignment of error, it is asserted by defendants that, inasmuch as the court found that $1,000 of the purchase price was the separate funds of Mrs. Skinner, it erred in giving her judgment for that amount, without interest, instead of rendering judgment in her favor for the proportion of the property that such sum of money bore to the entire purchase price. The plaintiffs in reply to this concede that, if the $1,000 was hers, the court should have rendered judgment that plaintiffs recover title to an undivided 7/22 interest in the property, free from any charge, leaving the other 4/22 interest in Mrs. Skinner and that the title to the other 11/22 interest remain in M. J. Arnold, and prays that the judgment be so reformed in order to correct such error. Therefore, without pausing to further consider the assignment, the judgment will be reformed in accordance with the wishes of both parties.

The third and fourth assignments are predicated upon the erroneous assumption that the entire purchase price was paid with funds of Mrs. Skinner's separate estate. We can perceive no prejudicial error in the court's refusing defendant's motion for an order to suspend the sale of the property under execution; for the motion involved the same issues that were presented and disposed of in the trial of the case.

If, as is claimed in a number of plaintiffs' cross-assignments, improper testimony was admitted over their objections, it will be presumed, inasmuch as the case was tried without a jury, that it was not considered by the court in reaching the conclusions upon arriving at its judgment.

Further than they are involved in what has been said in this opinion, the remaining cross-assignments need not be considered.

The judgment of the district court will be reformed in accordance with the wishes of the parties as indicated by what we have said in disposing of the sixth assignment, and, as thus reformed, affirmed.